## Clayden v. Clayden.

*Husband and wife—Agreement for support—Divorce—Discontinuance of divorce proceedings—Adultery.*

1. An agreement to discontinue a divorce proceeding after respondent has filed a full and complete answer denying the allegations of the bill is not illegal or against public policy.

2. In an action by a wife against her husband to recover instalments alleged to be due under an agreement of separation, an affidavit of defence is sufficient which alleges that defendant signed the agreement upon the express oral assurance of plaintiff's attorney and agent that plaintiff was not at the date of execution of the agreement living in adultery, without which assurance he would not have executed the agreement, and that she was then living in adultery and since the execution of the agreement she has continued to live in adultery and has been using a part of the money paid under the agreement to support her paramour.

Rule for judgment for want of sufficient affidavit of defence. C. P. No. 5, Phila. Co., Sept. T., 1926, No. 13471.

*White & Wetherill,* for plaintiff; *J. J. Fischer,* for defendant.

PER CURIAM, Aug. 10, 1927.—Plaintiff and defendant are husband and wife, living apart. The husband resides in Philadelphia, the wife in England. Divorce proceedings were instituted by the husband. The wife filed an answer denying the charges made in the libel, and a rule was entered by her for counsel fee and alimony.

The parties executed a written agreement, by the terms of which the husband agreed to discontinue the suit for divorce and refrain from bringing action in any other jurisdiction, to pay counsel fee and costs to the extent of $200, to liquidate the debts contracted by the wife in the sum of £273, paying in instalments of $125 per month, and to pay her for support and the maintenance of their four children $250 a month.

The wife agreed to release the husband from the payment of debts or engagements contracted by her and from all liability for maintenance and support of the children, to relieve him from the payment of counsel fee and alimony, and to consent to the discontinuance of the divorce proceeding pending against her. The agreement was under seal and signed by both parties.

After payments to the amount of $6815.50 were made to the wife under the terms of the agreement, the husband refused to continue any further payments.

The wife instituted this suit, filed a statement of claim, alleging that there is due her $2810.40 and $40.56 expended by her for cable costs.

An affidavit of defence was filed, in which the execution of the agreement was admitted, but defendant denied that there was any liability for the payment of $40.56. There is nothing in the statement of claim upon which to base liability of the husband for cable costs. Defendant averred that he had been advised by counsel that the agreement between him and the plaintiff is unenforceable, illegal and against public policy, in that he therein agreed to discontinue the pending action for divorce and refrain from bringing action in any other jurisdiction. No authority was cited by counsel to sustain the proposition that an agreement to discontinue a divorce proceeding after respondent has filed a full and complete answer denying the allegations contained in the libel is illegal or against public policy. Defendant did not surrender the right to bring any further action if warranted by circumstances, except in another jurisdiction. If the agreement had provided for the institution of a divorce proceeding, there might have been valid objections to its enforcement, but there was no impropriety in stipulating that the marriage relationship should continue.

Clayden *v.* Clayden.

The affidavit avers on information and belief that the paragraph providing for the discontinuance of the divorce proceeding was introduced at the instance of the wife who had for a long time prior to the execution of the agreement been living in adultery and intended to continue such adulterous practices.

Whatever motive may have induced plaintiff to insist upon this clause, it was inserted in the agreement which was signed by defendant. It is alleged in the affidavit of defence that plaintiff has failed to comply with the terms and provisions of the agreement, in that she has not supported the four children "for whose benefit the agreement was drawn;" that for a year she refused to maintain a daughter, and compelled her to maintain herself, and refused to support two sons who had to find a home with their grandparents.

There may be disciplinary reasons for withholding support from these children, but there is a more serious charge assigned in the affidavit of defence as a ground for justifying the suspension of payments.

Defendant avers that he is informed, believes it to be true, and, therefore, avers, that for a long time prior to March 19, 1924, the date of the execution of the agreement, plaintiff was living in continued and adulterous practices, but denied that fact to deponent, and when the agreement upon which suit is brought was drafted, it was verbally agreed by and between defendant and plaintiff's attorney, who was duly constituted her agent and acting in her behalf, that the agreement should be null and void if plaintiff was in effect living in adultery, but that plaintiff's attorney neglected to insert such a provision in the agreement because of the stigma cast upon plaintiff; and that defendant "entered into said agreement induced by and relying upon the verbal promise and understanding as aforesaid, and that he would not otherwise have entered therein." He further avers that he is informed, and believed it to be true, that since March 19, 1924, plaintiff has continued to live in adultery, and that part of the moneys forwarded to her by defendant under the terms of the agreement were used by her for maintenance and support of the man with whom she is living in this immoral relation. These grave charges must be assumed true in the present stage of the case, and if proved, should constitute a bar to the enforcement of the contract.

Rule discharged.